**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **DAWN GIROIR** | **CASE NO. 6:26-CV-01037** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GREG AUCOIN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(1) and/or 12(b)(6) Motion to Dismiss Amended Complaint filed on behalf of Defendant. (Rec. Doc. 29), Plaintiff opposed the Motion[1] (Rec. Doc. 34), and Defendant replied. (Rec. Doc. 35). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Defendant's motion be GRANTED.

[1] The Court notes that Plaintiff's opposition was filed untimely (*see* Rec. Doc. 30); however, the Court did review it in rendering this Report and Recommendation.

## Facts and Procedural History

The Court hereby incorporates by reference, as if set forth fully herein, the Factual Background delineated in the Report and Recommendation (Rec. Doc. 13) filed in this matter on June 12, 2026 (Report and Recommendation adopted on July 27, 2026. (Rec. Doc. 18)). In the Report and Recommendation, this Court found that Plaintiff's Complaint lacked clarity and new issues were raised for the first time in opposition to Defendant's motion. (Rec. Doc. 13). Accordingly, Plaintiff was given the opportunity to amend her Complaint. (*Id*.).

On August 21, 2026, Plaintiff filed a Supplement to Original Petition (Rec. Doc. 26) in an attempt to cure the deficiencies noted in the June 12, 2026 Report and Recommendation. (Rec. Doc. 13). Per the Amended Complaint, Plaintiff brings this action under 42 U.S.C. § 1983 as a *Monell* claim. (Rec. Doc. 26, ¶ 3). Defendant, Greg Aucoin, is the Saint Mary Parish Clerk of Court. (*Id*. at ¶ 2). Plaintiff alleges she "is one of hundreds or thousands [or] more persons who used the Office of the Clerk of Court, Cliff Dressel, who had been in office for 40 [] years." (*Id*. at ¶ 4). Plaintiff alleges the "Clerk of Court has failed to adequately train and supervise his employees and as a result they are attempting to collect accounts which have prescribed and [/] or incorrectly billed." (*Id*. at ¶ 5). According to Plaintiff, Defendant "filed a fraudulent claim with the Louisiana Office of Debt Recovery"

who instituted collection efforts against Plaintiff. (*Id.* at ¶¶ 6 & 11). Plaintiff received a Notice of Delinquent Debt on March 13, 2026. (*Id.*).

On September 27, 2025, "[t]he Clerk's Office issued a refund" of $203.76 which "was made in error because a balance of $225.32" was outstanding as of June 22, 2018. (Rec. Doc. 26, ¶ 7). "The Court then billed [Plaintiff] $429.08" even though the "account had prescribed." (*Id.*). On February 4, 2026, Plaintiff received a statement and demand letter for services rendered by the Office of the Clerk of Court on June 23, 2018, despite her account being last active on June 22, 2018. (*Id.* at ¶¶ 9-10). All of this forced Plaintiff to seek the services of an attorney and caused her emotional distress, damaged her credit, and will damage her credit in the future. (*Id.* at ¶ 8)

Plaintiff maintains that the actions of Defendant are illegal and constitute unlawful use of his office. (*Id.* at ¶ 12). Plaintiff believes she "is a member of a larger class of St. Mary Parish residents who have used the 16th Judicial Court in years past while operated by a former Clerk of Court whose open accounts have prescribed." (*Id.* at ¶ 13). According to Plaintiff, the Saint Mary Clerk of Court is submitting the delinquent accounts of the former Clerk of Court to the Louisiana Office of Debt Recovery for collection, and some of the accounts due are not legally collectible as they have prescribed. (Rec. Doc. 26, ¶ 21). Per Plaintiff, Defendant "is a licensed attorney and retired District Court Judge who should know the law and

is acting in bad faith or who has failed to train and or adequately supervise his employees." (*Id.* at ¶ 15). Plaintiff claims that Defendant started using the services of the Louisiana Office of Debt Recovery when he was elected in January 2025 and notes that his predecessor did not use their services. (*Id.* at ¶ 20). Plaintiff contends these actions violated the constitutional rights of Plaintiff and other class members under 42 U.S.C. § 1983. (*Id.* at ¶ 24).

On September 4, 2026, Defendant filed the Motion presently before the Court urging the Court to dismiss this action "because the Amended Complaint still fails to set forth a basis for subject matter jurisdiction and also fails to state a claim upon which relief can be granted." (Rec. Docs. 29 & 29-1, p. 2).

## **Law and Analysis**

### **I. Law Applicable to Rule 12(b)(1) and 12(b)(6)**

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th

Cir. 2001). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore,

"[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic*, 127 U.S. at 556).

Per Defendant, Plaintiff's Amended Complaint still does not raise any federal question as to Defendant and/or fails to state a viable *Monell* claim. (Rec. Doc. 29-1). This Court agrees. Plaintiff alleges "[t]his action is b[r]ought under 42 USC § 1983 a MONELL claim." (Rec. Doc. 26, ¶ 3)(emphasis in original). Plaintiff repeats this after her factual allegations stating "[t]his is a **MONELL** claim against a parish official brought under 42 USC § 1983." (*Id.* at ¶ 20)(emphasis in original). Plaintiff again reiterates this: "Counsel alleges that the actions of the defendant, **SAINT MARY CLERK OF COURT OFFICE**, a government entity have violated the constitutional rights of plaintiff and other class members under 42 USC §1983." (*Id* at ¶ 24)(emphasis in original). In her opposition to the Motion, Plaintiff once again notes that "[t]his action is brough [under] 42USC§1983 as a Monell Claim based on the alleged fact that the Office of the Clerk of Court is referring uncollectable debts for collection [*sic*] another state agency." (Rec. Doc. 34, ¶ 3).

The Court first notes that the Saint ("St.") Mary Clerk of Court Office is not a named defendant in this action. The only named defendant is Greg Aucoin as the St. Mary Parish Clerk of Court, "a duly elected public official." (*Id* at ¶ 2). In the

June 12, 2026 Report and Recommendation, this Court noted that "it is unclear if [Plaintiff's 1983] claim is brought against Defendant in his official capacity or individual capacity." (Rec. Doc. 13, p. 4). While Plaintiff did not specifically allege that this is a 1983 action against Defendant in his official capacity, as detailed above, Plaintiff alleges multiple times that this is a *Monell* claim against a "duly elected public official" and/or government entity. (Rec. Doc. 26, at ¶¶ 3, 20, & 24 and Rec. Doc. 34). Accordingly, the Court is left to assume that Defendant is being sued in his official capacity as the St. Mary Parish Clerk of Court.

**a. <u>Section 1983</u>**

To state a claim of relief under § 1983 a plaintiff must allege that the defendant was a person acting under color of state law who deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999). Suing a municipal official in his official capacity is simply another way of alleging municipal liability. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 n. 55 (1978). Accordingly, a suit against Defendant in his official capacity is considered an action against the St. Mary Parish Clerk of Court Office.

Defendant maintains that the Clerk of Court Office does not have the capacity to be sued. (Rec. Doc. 29-1). There is no subsection of Rule 12(b) that specifically authorizes a motion to dismiss based on the lack of capacity to be sued. However,

"Federal courts ... traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or statute[,] ... such as motions raising ... a lack of capacity to sue or be sued." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d. Ed. 2016). Further, "[t]he Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *Batiste v. Bonin*, No. 06-1352, 2007 WL 1791219, at *1 n. 1 (W.D. La. June 13, 2007) (citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991)).

Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." As such, Louisiana law governs whether the St. Mary Parish Clerk of Court Office has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. In *Roberts v. Sewerage & Water Board of New Orleans*, the Louisiana Supreme Court explained that "a local government unit may be deemed to be a juridical person separate and distinct from other government entities [] when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage & Water Board of New Orleans,* 634 So. 2d 341, 347 (La. 1994). Thus, where there is no constitutional or statutory authority

for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So.2d 611, 613-616 (La.App. 3rd Cir.1994), writ denied, 650 So.2d 244 (La. 1995).

Louisiana courts have routinely held that clerk of court offices are not juridical entities capable of being sued:

> The office of the clerk of court has no legal status and is simply the functional organization by and through which the clerk of court carries out his/her official duties. As with the office of the sheriff, it is not *sui juris*, it does not have the capacity to enter into contracts, nor can it be a legal party to litigation.

*Cott Index Co. v. Jagneaux*, 96-860 (La. App. 3 Cir. 12/26/96), 685 So. 2d 656, 658, writ denied, 97-0254 (La. 3/21/97), 691 So. 2d 85; *see also Dugas v. City of Breaux Bridge Police Dep't*, 1999-1320 (La. App. 3 Cir. 2/2/00), 757 So. 2d 741, 744.

There is no law, constitutional, statutory, or otherwise, that confers upon the St. Mary Parish Clerk of Court Office the authority to sue or be sued. Accordingly, as the only claims raised against Defendant are in his official capacity as the Clerk of Court of St. Mary Parish, he is not a proper defendant in this suit and the claims against him must be dismissed.

## Conclusion

For the reasons discussed herein, it is recommended that the Motion to Dismiss (Rec. Doc. 29) be **GRANTED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 16th day of October, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE